# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

*Filed Electronically*

| | |
|---|---|
| ZAHRA BOUYE, | ) |
| | ) |
|     Appellant/Cross-Appellee, | ) |
| | ) |
| v. | ) Case No. 21-6195 |
| | ) |
| JAMES E. BRUCE, JR. | ) |
| | ) |
|     Appellee/Cross-Appellant. | ) |

## APPELLEE/CROSS-APPELLANT JAMES E. BRUCE'S MOTION FOR LEAVE TO FILE UNDER SEAL

Appellee/Cross-Appellant, James E. Bruce ("Mr. Bruce"), by counsel, and pursuant to Fed. R. App. P. 27 and 6th Cir. R. 27, hereby files this Motion for Leave to File His Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Attorney's Fees, as well as the Exhibits thereto, which consist of a confidential settlement agreement and email correspondence quoting that confidential settlement agreement, under seal.[1] Mr. Bruce also requests to file any Reply brief in support thereof under seal. As grounds for his Motion, Mr. Bruce states as follows:

---

[1] Undersigned counsel hereby certifies that, pursuant to 6 Cir. R. 25(h)(2), he consulted with the Clerk prior to filing this Motion for Leave to File Under Seal and the Motion to Dismiss for Lack of Subject Matter Jurisdiction. Pursuant to that consultation, undersigned counsel has provisionally filed the entirety of Mr. Bruce's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Attorney's Fees under seal. Recognizing the public's interest in this proceeding, Mr. Bruce will expeditiously file a redacted, public version of the Motion to Dismiss for Lack of Subject Matter Jurisdiction upon order of the Court or further direction from the Clerk.

1.	On March 19, 2020, Plaintiff Zahra Bouye ("Ms. Bouye") filed a Complaint against Mr. Bruce alleging multiple violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") arising out of a state court collection action filed by Mr. Bruce on behalf of his client, Mariner Finance, [D.E. 1], PageID# 1, and subsequently filed an Amended Complaint alleging violations of the FDCPA. [D.E. 5], PageID# 34.

2.	The United States District Court for the Western District of Kentucky dismissed Ms. Bouye's Amended Complaint, [D.E. 12], PageID# 200, and subsequently denied Ms. Bouye's Motion for Reconsideration. [D.E. 19], PageID# 356. Ms. Bouye filed a Notice of Appeal on December 14, 2021. [D.E. 20], PageID# 367.

3.	Ms. Bouye entered into a Settlement Agreement and Release (the "Settlement Agreement") with Mariner Finance regarding the collection actions taken by Mr. Bruce in the underlying state court litigation that forms the basis of Ms. Bouye's FDCPA claims, which Mr. Bruce seeks to enforce herein. The Settlement Agreement contains a confidentiality provision.

4.	Mr. Bruce files a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Attorney's Fees that discloses portions of the Settlement Agreement subject to the confidentiality provision and which attaches the

confidential Settlement Agreement as Exhibit A and email correspondence that quotes the confidential Settlement Agreement as Exhibit B.

5. Because the Settlement Agreement contains a confidentiality provision, Mr. Bruce files this Motion seeking to maintain the confidentiality of that Agreement by filing his Motion to Dismiss and corresponding exhibits, which contain the provisions of the Settlement Agreement, under seal.

6. Federal courts have previously recognized that Settlement Agreements containing a confidentiality provision are properly maintained under seal. *See Price v. Local 227 UFCW*, No. 5:14-cv-94-JMH, 2015 U.S. Dist. LEXIS 47223, at *7 (E.D. Ky. Apr. 10, 2015) ("Kroger has also moved to file Exhibit A to its motion to dismiss under seal. Exhibit A is a settlement agreement, which contains a confidentiality provision. Having carefully considered this request, the Court concludes that the exhibit should be filed under seal. Accordingly, Kroger's motion to file Exhibit A under seal will be granted."); *Western Leasing, Inc. v. Western Mineral Dev.*, No. 4:18-cv-38-JHM, 2018 U.S. Dist. LEXIS 182918, at *14 (W.D. Ky. Oct. 25, 2018) ("The motion by Defendant, Ceralvo Holdings, LLC, for leave to file under seal the 2013 settlement agreement and references thereto in the pleadings is GRANTED.").

7. Moreover, allowing Mr. Bruce to file the Settlement Agreement under seal will protect the interests of Mariner Finance and intended third-party

beneficiaries who are a party to the confidential Settlement Agreement, but are not a party to this litigation. *See Clayton v. Tri City Acceptance, Inc.*, No. 3:18-cv-308-DJH-LLK, 2019 U.S. Dist. LEXIS 193517, at *15 (W.D. Ky. Nov. 7, 2019) ("This Court has not addressed a similar circumstance directly, but other district courts have addressed facts wherein a third-party's rights were touched upon by waiver of a confidentiality agreement in adjacent or subsequent litigation. The general flavor of the case law shows that public access to court filings is presumed, but in cases involving similar agreements, these agreements should be produced under a protective order, for which good cause must be shown.").

8. Indeed, in *Black Diamond Mining Co., LLC v. Richard Holmes Enters., LLC*, the Eastern District of Kentucky recognized that sealing a confidential settlement agreement involving a third-party is justified for multiple reasons.

> McKinstry argues that the parts of the record currently under seal must remain that way because they relate to the A&M settlement. Generally speaking, that argument gives two compelling reasons to seal a document. First, as the Sixth Circuit has always recognized, the settlement process requires secrecy so that parties can horse trade freely. . . . Second, sealing is appropriate to protect the privacy of third-parties, like A&M, who are not involved in the litigation and who therefore would not expect to see their finances aired in public.

No. 15-cv-96-ART, 2016 U.S. Dist. LEXIS 110272, at *6-7 (E.D. Ky. Aug. 18, 2016).

9.　　Accordingly, Mr. Bruce respectfully submits that good cause is shown for sealing his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Attorney's Fees.

WHEREFORE, Mr. Bruce respectfully requests that the Court grant his Motion for Leave to file his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Attorney's Fees under seal, as well as any Reply brief filed in support thereof.

Respectfully submitted,

/s/ R. Brooks Herrick
R. Brooks Herrick
DINSMORE & SHOHL LLP
101 S. Fifth St., Suite 2500
Louisville, KY 40202
(502) 540-2300
(502) 585-2207 (fax)
brooks.herrick@dinsmore.com
*Counsel for James E. Bruce*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

Counsel hereby certifies that this Motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it complies with the typeface requirements in Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) as it has been prepared in a proportionally-spaced typeface using Microsoft Word in a 14-point font, and complies with Rule 27(d)(2)(A) because it contains 953 words, excluding the parts of the Motion exempted by Rule 32(f).

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served this 28th day of January, 2022, using the Court's CM/ECF system, upon the following:

James R. McKenzie
James R. McKenzie Attorney, PLLC
115 S. Sherrin Ave., Suite 5
Louisville, KY 40207
jmckenzie@jmckenzielaw.com
*Counsel for Appellant/*
*Cross-Appellee*

James Hays Lawson
Lawson at Law, PLLC
PO Box 1286
Shelbyville, KY 40066
james@kyconsumerlaw.com
*Counsel for Appellant/*
*Cross-Appellee*

/s/ R. Brooks Herrick
*Counsel for James E. Bruce*