## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

*Filed Electronically*

| | | |
|---|---|---|
| ZAHRA BOUYE, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 21-6195 |
| | ) | |
| JAMES E. BRUCE, JR. | ) | |
| | ) | |
| Appellee/Cross-Appellant. | ) | |

## APPELLEE/CROSS-APPELLANT JAMES E. BRUCE'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION FOR ATTORNEY'S FEES

Pursuant to Federal Rule of Appellate Procedure 27 and 6 Cir. R. 27(d), Appellee/Cross-Appellant, James E. Bruce ("Mr. Bruce"), by counsel, hereby files this Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Attorney's Fees incurred as a result of seeking to enforce a settlement agreement, pursuant to the terms of that settlement agreement. As grounds therefore, Mr. Bruce states that Appellant, Ms. Bouye, has executed a Settlement Agreement and Release in which she released all of the claims alleged against Mr. Bruce in this action and there is no longer an active case or controversy; thereby depriving this Court of Article III jurisdiction.

**INTRODUCTION**

On or about July 29, 2021, after the initiation of the FDCPA lawsuit against Mr. Bruce, Ms. Bouye entered into a Settlement Agreement and Release (the "Settlement Agreement") with Mariner Finance, in which Ms. Bouye ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████. As is shown by the allegations in Ms. Bouye's Amended Complaint filed with the District Court below, the claims lodged against Mr. Bruce were plainly included within the Release, which also made Mr. Bruce ████████████████████ of the Settlement Agreement with standing to enforce its terms.

Accordingly, Ms. Bouye has released the FDCPA claims at issue in this appeal and this Court does not have jurisdiction over Ms. Bouye's appeal.

**ARGUMENT**

I.    **Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

A.    **No Case or Controversy Exists Between the Parties.**

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. Jurisdiction under Article III is "a cradle-to-grave requirement" that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the

case. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "If events occur during the case, including during the appeal, that make it 'impossible for the court to grant any effectual relief whatever to a prevailing party," the appeal must be dismissed as moot." *Id.* Indeed, "the Article III limit on [the Sixth Circuit's] jurisdiction is important because, if [it was] to render an advisory opinion, it would be a constitutional violation that is unredressable." *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019).

As the United States Supreme Court has explained:

> In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake' in the outcome of the action. This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved. . . If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71-72 (2013) (citations omitted).

As is demonstrated below, Ms. Bouye has released her FDCPA claims against Mr. Bruce, and there is no longer a "case or controversy" that requires adjudication by this Court. Accordingly, this Court lacks Article III jurisdiction to hear Ms. Bouye's appeal and her appeal should be dismissed for lack of subject matter jurisdiction.

**B.      The Settlement Agreement.**

The Settlement Agreement provides, in pertinent part:







<u>Exhibit A</u>, Settlement Agreement (emphasis added).

### C.    Demand for Dismissal and Possible Addendum to the Settlement Agreement.

On September 8, 2021, Mr. Bruce, through counsel, notified Ms. Bouye, through counsel, that Mr. Bruce had learned the Settlement Agreement had been executed and demanded withdrawal of Ms. Bouye's Motion for Reconsideration pending in the District Court, as Ms. Bouye's claims had already been dismissed with prejudice by the District Court. On September 8, 2021, Ms. Bouye's counsel advised they were evaluating the demand and would respond. On September 15, 2021, Ms. Bouye's Counsel responded that they had corresponded with Mariner Finance directly and had reached the conclusion that the release did not apply to "collection counsel."[1]

Mr. Bruce has had ongoing communications with Mariner Finance regarding the agreement and apparent dialogue with Ms. Bouye's counsel regarding the Settlement Agreement. Mr. Bruce has yet to receive any understanding or explanation as to how the Settlement Agreement – which directly relates to the

---

[1] <u>Exhibit B</u>, Email Exchange.

positions taken by Mr. Bruce on behalf of Mariner Finance in the underlying lawsuit

– did not release Ms. Bouye's claims against Mr. Bruce, ████████████████████

████████████████████████████████████████████████████████ ²

Upon information and belief, following Mr. Bruce's demand for dismissal –

vesting his rights as ████████████████████ – Ms. Bouye and Mariner

Finance may have executed a supplement to the Settlement Agreement. As of the

filing of this Motion, a copy of any purported supplement has not been provided to

Mr. Bruce. Thus, Mr. Bruce attaches to this Motion the original Settlement

Agreement upon which he relied in demanding dismissal.

> ### D. The Settlement Agreement Must be Enforced Pursuant to its Plain, Unambiguous Language.

Pursuant to Kentucky law, which governs the terms of the Settlement

Agreement, the Settlement Agreement must be enforced pursuant to its plain and

unambiguous terms.

> [A]n agreement to settle legal claims is essentially a contract subject to
> the rules of contract interpretation. The primary objection is to
> effectuate the intentions of the parties. When no ambiguity exists in the
> contract, we look only as far as the four corners of the document to
> determine the parties' intentions. The fact that one party may have
> intended different results, however, is insufficient to construe a contract
> at variance with its plan and unambiguous terms. Generally, the
> interpretation of a contract, including determination whether a contract
> is ambiguous, is a question of law for the courts and is subject to de
> novo review.

---

² *See* <u>Exhibit A</u>, Settlement Agreement, at § 6.

*Banterra Bank v. Hendrick*, Case No. 5:09-cv-00012-TBR, 2010 U.S. Dist. LEXIS 37691, at *9-10 (W.D. Ky. Apr. 16, 2010) (emphasis added) (quoting *3D Enters. Contracting Corp. v. Louisville and Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005)); *see also GATX Corp. v. Appalachian Fuels, LLC*, No. 09-cv-41-DLB, 2011 U.S. Dist. LEXIS 103536, at *6-7 (E.D. Ky. Sept. 9, 2011) (citations omitted) ("The primary object in construing a contract or compromise settlement agreement is to effectuate the intentions of the parties. . . . The criterion in determining the intention of the parties is not what did the parties mean to say, but rather the criterion is what did the parties mean by what they said.").

### E.    Ms. Bouye's FDCPA Claims Against Mr. Bruce Have Been Released.

Pursuant to the plain, unambiguous terms of the Settlement Agreement, Ms. Bouye's FDCPA claims lodged in this action against Mr. Bruce have been released and Ms. Bouye's appeal must be dismissed for lack of subject matter jurisdiction.

The recitals to the Settlement Agreement make clear that the Settlement Agreement was entered into by Ms. Bouye ██████████████████████████ ████████████████████ Ms. Bouye's FDCPA claims against Mr. Bruce in this action.[3] Indeed, the second recital specifically defines ████████████████

---

[3] *Compare* Amended Complaint, [D.E. 5 at ¶ 6, 7, 8], PageID# 35 (referring to the retail installment contract Ms. Bouye entered into with Winner Furniture, and subject of the underlying lawsuit filed by Mariner Finance), *and* Exhibit A to the Amended Complaint, Retail Installment Contract [D.E. 5-1 at 4], PageID# 44

██████████████████████████████████████████████████

██████████████████████████  ████████████████████████ the

"Mariner Lawsuit" in paragraph 6 of Ms. Bouye's Amended FDCPA Complaint.

> Defendant James E. Bruce ("Bruce") <u>as counsel for Mariner Finance,
> LLC ("Mariner") and on its behalf</u> filed a complaint against Plaintiff
> Zahra A. Bouye ("Bouye") in the <u>Jefferson District Court of Jefferson
> County, Kentucky</u> in the case of *Mariner Finance, LLC/Louisville v.
> Zahra A. Bouye*, Case No. 19-C-022203 (the "Mariner Lawsuit") on
> March 4, 2019 <u>in an attempt to collect the balance allegedly due</u> on a
> retail installment contract ("RIC").

Amended Complaint, [D.E. 5 at ¶ 6], PageID# 35 (emphasis added).

As the admissions in Paragraph 6 of the Amended Complaint prove, Ms.

Bouye's FDCPA claims lodged against Mr. Bruce have been released. By entering

into the Settlement Agreement, Ms. Bouye agreed to:



<u>Exhibit A</u>, Settlement Agreement, at ¶ 6 (emphasis added).

---

(attaching a retail installment contract with Winner Furniture executed on January
17, 2018), *with* Exhibit A, Settlement Agreement, at 1 ("██████████████████
██████████████████████████████████████████████████).

[4] <u>Exhibit A</u>, Settlement Agreement, at 1.

The Settlement Agreement specifically defines ██████████████████ ████████████████ Ms. Bouye's Amended Complaint; the ████████████████ █████████████████████ Paragraph 6 of Ms. Bouye's Amended Complaint; and, as Paragraph 6 further acknowledges, Mr. Bruce is undoubtedly an ████████████████████████████████████████████ ████████████████ Therefore, Ms. Bouye's FDCPA claims alleged in this action have been released and Ms. Bouye's appeal must be dismissed for lack of subject of matter jurisdiction, a ████████████████████████████████████ ████████████████████████████████ taken by Mr. Bruce, who was defined as ████████████ and explicitly made an ████████████████████████ ████████████████

In fact, the Settlement Agreement specifically recognized that ████████████ ████████████████████████████████████████████████ ████████████████████████ First, in the second recital to the Settlement Agreement, the Settlement Agreement states, ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████" Of course, Mariner did not take ████████████████ but acted through its attorney, Mr. Bruce, which such conduct was challenged ████████████████

Second, Paragraph 7(c) of the Settlement Agreement required 

(emphasis added). The FDCPA claims lodged against Mr. Bruce are not only claims covered by the general release contained within the Settlement Agreement, this FDCPA lawsuit is specifically included within the definition of

Again, Mariner is not capable of taking but acted through its attorney, Mr. Bruce, and such action by Mr. Bruce was challenged

Finally, Section 17 of the Settlement Agreement explicitly made Mr. Bruce, as a of the Settlement Agreement, who has standing to enforce the plain, unambiguous terms of the Settlement Agreement. *See Prime Finish, LLC v. Cameo, LLC*, 487 F. App'x 956, 960 (6th Cir. 2012) ("In determining whether Cameo is an intended third-party beneficiary . . . we look first to the agreement itself. . . . A third-party who was intended by the parties

to benefit from the contract, . . . has standing to sue on the contract."); *Ping v. Beverly Enters.*, 376 S.W.3d 581, 595-96 (Ky. 2012) (recognizing that a third-party beneficiary may "enforce the promise made for his benefit even though he is a stranger both to the contract and to the consideration"); *Bariteau v. PNC Fin. Servs. Grp., Inc.*, No. 3:06-cv-132-S, 2006 U.S. Dist. LEXIS 79564, at *4 (W.D. Ky. Oct. 30, 2006) ("Whether the parties intended [third-party] to directly or primarily benefit from the agreement must be determined from the contract itself.").

Accordingly, pursuant to the plain, unambiguous terms of the Settlement Agreement, the FDCPA claims at issue in this proceeding have been released by Ms. Bouye, Mr. Bruce has standing to enforce the Settlement Agreement as ███████, and this action should be dismissed for lack of subject matter jurisdiction.

### F.    Any Purported Supplement to the Settlement Agreement Cannot Be Enforced Against Mr. Bruce.

Upon information and belief, following Mr. Bruce's reliance on the Settlement Agreement and demand that Ms. Bouye withdraw her pending Motion for Reconsideration (leaving her Complaint dismissed with prejudice pursuant to the District Court's March 11, 2021 Order, [D.E. 12], PageID# 200), Ms. Bouye and Mariner Finance may have entered into a purported Supplement, seeking to exclude Mr. Bruce as a ███████ as defined in the Settlement Agreement.

Any such purported Supplement cannot be enforced against Mr. Bruce because Mr. Bruce was ███████████████████████ of the Settlement Agreement who had acted on his rights under the Agreement.

Restatement (Second) of Contracts § 311 provides as follows, in relevant part:

(2) . . . the promisor and promise retain power to discharge or modify the duty by subsequent agreement.

(3)    <u>Such a power terminates when the beneficiary</u>, before he receives notification of the discharge or modification, materially <u>changes his position in justifiable reliance on the promise</u> or brings suit on it <u>or manifests assent to it</u> at the request of the promisor or promisee.

Restatement (Second) of Contracts § 311.

As is further set forth in comments g. and h. to the Restatement (Second) of Contracts § 311:

*g. Reliance*. In the absence of some contrary indication, an intended beneficiary is justified in relying on the promise. It is immaterial whether he learns of the promise from the promisor, the promise or a third party, and whether the promise is one to satisfy the promisee's duty or is a gift promise or is neither. If there is a material change of position in justifiable reliance on the promise, <u>the change of position precludes discharge or modification of the contract without the beneficiary's consent</u>. . . .

*h. Assent.* Even though there is no novation and no change of position by the beneficiary, <u>the power of promisor and promisee to vary the promisor's duty to an intended beneficiary is terminated when the beneficiary manifests assent to the promise in a manner invited by the promisor or promisee</u>. . . .

Restatement (Second) of Contracts § 311 cmt. g, h (emphasis added).

Here, Mr. Bruce undoubtedly changed his position in justifiable reliance on the Settlement Agreement when he specifically relied on its provisions and demanded compliance with the ███████████████████████████████████ ███████ This precluded excluding Mr. Bruce from the terms of the Release without Mr. Bruce's consent. Moreover, the power to modify the Settlement Agreement as it relates to the Release of the claims filed against Mr. Bruce also terminated when Mr. Bruce assented to ██████████████████████████████████ ████████████████████████████.

Kentucky courts have adopted the Restatement of Contracts, and have likewise determined that a contract may not be modified to the detriment of an intended third-party beneficiary after the third-party beneficiary has acted in reliance thereon. *See Henry A. Petter Supply Co. v. Hal Perry Constr. Co.*, 563 S.W.2d 749, 751 (Ky. Ct. App. 1978) ("It is not disputed that the parties to a contract creating a third party beneficiary may vary the terms of the contract without the consent of the beneficiary unless the beneficiary materially changes his position in reliance on the contract. *See* Restatement, Contracts (2d) § 142.").

This outcome is especially true here because Ms. Bouye agreed to ██████ ██████████████████ Mr. Bruce, who is clearly within the definition ██████ ████████████████████████████████████ Mr. Bruce acted in reliance thereon and ██████████████████████████████

14

██████ and any supplemental agreement to the contrary – after Mr. Bruce's reliance on and assent to the Agreement and without Mr. Bruce's knowledge – would allow Ms. Bouye to somehow <u>revive an already released claim</u>. *See Kellogg Co. v. Sabhlok*, 471 F.3d 629, 634, 636 (6th Cir. 2006) (affirming the dismissal of claims the district court found were "<u>an attempt to revive claims</u> they were paid to release"); *Lee v. Accenture LLP*, No. Civ. H-18-2422, 2018 U.S. Dist. LEXIS 206811, at *4-5 (S.D. Tex. Dec. 7, 2018) ("Courts have uniformly held that a plaintiff who voluntarily settled her claims <u>may not renounce her settlement agreement to bring suit for additional relief</u>. . . . Even if Accenture has breached the Separation Agreement, the Separation Agreement remains valid and Lee's pre-Separation Agreement claims <u>are not revived</u>."); *Sharp v. Worthington City Sch. Dist. Bd. of Educ.*, No. 2:08-cv-0225, 2008 U.S. Dist. LEXIS 86904, at *10 n.2 ("In *Folley*, this Court considered whether state law might apply to revive a settled Title VII claims following the breach of a settlement agreement, and found that Ohio law prevents such a result."); *De Santis v. Prof'l Softwar Eng'g., Inc.*, No. 99-1554-A, 2000 U.S. Dist. LEXIS 2385, at *5 (E.D. Va. Jan. 10, 2000) ("As a general rule, a party who executes a settlement agreement cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle.").

Accordingly, to the extent a Supplement to the Settlement Agreement was executed by Ms. Bouye and Mariner Finance after Mr. Bruce's demand for dismissal – and without Mr. Bruce a party thereto – it is ineffective as against Mr. Bruce.

## II.    Motion for Attorney's Fees.

Mr. Bruce also moves for his attorney's fees incurred in enforcing the settlement agreement, pursuant to Section 18 of the Settlement Agreement. Section 18 of the Settlement Agreement provides, in pertinent part:



<u>Exhibit A</u>, Settlement Agreement, at ¶ 18.

Accordingly, Mr. Bruce also seeks his reasonable attorney's fees incurred in this appeal as a result of seeking to enforce the terms of the Settlement Agreement.

## **<u>CONCLUSION</u>**

For the reasons set forth herein, Mr. Bruce respectfully requests that this Court grant his Motion to Dismiss for Lack of Subject Matter Jurisdiction, dismiss Ms. Bouye's appeal with prejudice, grant Mr. Bruce his reasonable attorney's fees incurred in enforcing the Settlement Agreement, and grant such other and further relief as this Court deems just and proper.

16

This the 28th day of January, 2022.

Respectfully submitted,

/s/ R. Brooks Herrick

R. Brooks Herrick
DINSMORE & SHOHL LLP
101 S. Fifth St., Suite 2500
Louisville, KY 40202
(502) 540-2300
(502) 585-2207 (fax)
brooks.herrick@dinsmore.com
*Counsel for James E. Bruce*

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION

Counsel hereby certifies that this Motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it complies with the typeface requirements in Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) as it has been prepared in a proportionally-spaced typeface using Microsoft Word in a 14-point font, and complies with Rule 27(d)(2)(A) because it contains 3,963 words, excluding the parts of the Motion exempted by Rule 32(f).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served this 28th day of January, 2022, via electronic mail and U.S. Mail, postage prepaid, upon the following:

James R. McKenzie
James R. McKenzie Attorney, PLLC
115 S. Sherrin Ave., Suite 5
Louisville, KY 40207
jmckenzie@jmckenzielaw.com
*Counsel for Plaintiff*

James Hays Lawson
Lawson at Law, PLLC
PO Box 1286
Shelbyville, KY 40066
james@kyconsumerlaw.com
*Counsel for Plaintiff*

/s/ R. Brooks Herrick
*Counsel for James E. Bruce*